**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000013**
**31-DEC-2013**
**07:55 AM**

NO. CAAP-10-0000013


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


AMBER FINANCIAL GROUP, LLC., JULIAN KOZAR, TRENA PAPAGEORGE, and PETTRICE GAMBOL, Respondents/Appellants-Appellants, v. KEALI'I S. LOPEZ, DIRECTOR,[1] DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS, Agency/Appellee-Appellee,


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2770-11(KKS))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

In this secondary appeal, Respondents/Appellants-Appellants Amber Financial Group, LLC (AFG), Julian Kozar (Kozar), Trena Papageorge (Papageorge), and Pettrice Gambol (Gambol) (collectively, Appellants)[2] appeal from the August 25, 2010 Final Judgment[3] entered by the Circuit Court of the First Circuit (Circuit Court) in favor of the Director (Director), Department of Commerce and Consumer Affairs (DCCA).

On appeal before this court, Appellants challenge the Circuit Court's affirmation of the Director's affirmation of the DCCA hearing officer's decision to revoke their licenses. In particular, Appellants argue that (1) it was error to allow AFG, a corporate entity, to appear without counsel in legal

---

[1] Pursuant to Hawai'i Rules of Appellate Procedure Rule 43(c), the current Director, Keali'i S. Lopez, is hereby substituted as a party.

[2] A fourth Respondent, Denni-Lee Bumanglag, did not join this appeal, as she was subsequently not employed by AFG as early as February 6, 2009, and apparently did not challenge the denial of her license renewal.

[3] The Honorable Karl K. Sakamoto presided.

proceedings; (2) judgments against a corporate entity are not judgments against individuals in their individual capacity, and that the term "disciplinary proceeding" on the license renewal application was vague and ambiguous; (3) the five year revocation was excessive; and (4) they were entitled to a trial by jury on the portion of the Order requiring payment of restitution to third parties prior to re-application.

After a careful review of the issues raised and the arguments made by the parties, the applicable authority and the record, we affirm the Circuit Court's judgment as to all Appellants, except for Gambol, for the following reasons:

1.    AFG argues that, based on <u>Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc.</u>, 60 Haw. 372, 374, 590 P.2d 570, 572 (1979), the hearing officer's decision must be vacated because AFG was not represented by counsel in proceedings before the hearing officer.   However, <u>Oahu Plumbing</u> involved a corporation's representation in court proceedings.   60 Haw. at 372, 590 P.2d at 571.   More to the point, Hawaii Revised Statutes (HRS) § 91-9(b)(5) (2012), provides that, in a contested case hearing,

> any party may retain counsel if the party so desires and . . . an individual may appear on the individual's own behalf, or a member of a partnership may represent the partnership, or <u>an officer or authorized employee of a corporation or trust or association may represent the corporation, trust, or association</u>.

(Emphasis supplied.)   Kozar and Papageorge were officers of AFG, and Kozar represented that he was appearing at the hearing on behalf of AFG.   Thus, AFG was properly represented before the hearing officer.

2.    Appellants argue that the five civil judgments noted by the hearing officer were entered against AFG only, and thus the individual Appellants were not required to report these judgments in their respective applications for license renewal. While this may be so, the hearing officer's decision was also based on Appellants' failure to report that they had the instant disciplinary proceedings pending when they filed for renewal of their licenses.   In the Petition for Disciplinary Action, Appellants were each named in their individual capacities in

2

addition to AFG being named as a corporate entity. Regardless of their status as officers or mere employees of AFG, each Appellant in their individual capacity did in fact have "disciplinary proceedings pending" against them when they submitted their renewal forms.

3. Appellants argue that the term "Disciplinary Proceeding" as used on the Renewal Application was vague and ambiguous. Appellants are mistaken to the extent they believe the term was meant to include civil judgments. As the DCCA freely admits, "civil judgments are not disciplinary actions required to be reported on the renewal applications[.]"[4] Appellants' argument is without merit.

4. Appellants argue that their punishment of a five-year license revocation was excessive. Initially, we note that there was no period of time set by the Director for Appellants' revocation. Although Appellants do not explain how they determined their revocation was for five years, HRS § 436B-21 (1993) provides that "[a] person may apply for a new license after five years from the effective date of the revocation[.]" Thus, the minimum duration of Appellants' revocation period is set by statute, not by the Director. As to whether the revocation of the Appellants' licenses was an abuse of discretion, HRS § 91-14(g)(6) (2012) provides that:

> [u]pon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are: . . . [a]rbitrary, or capricious, or characterized by

---

[4] However, independent of the requirements for a license renewal, civil judgments are required to be reported to the DCCA Program pursuant to HRS § 436B-16 (1993). Violation of HRS § 436B-16 was one of the grounds for the September 18, 2008 Petition for Disciplinary Action. HRS § 436B-16(a) provides that:

> [e]ach licensee shall provide written notice within thirty days to the licensing authority of any judgment, award, disciplinary sanction, order, or other determination, which adjudges or finds that the licensee is civilly, criminally, or otherwise liable for any personal injury, property damage, or loss caused by the licensee's conduct in the practice of the licensee's profession or vocation. A licensee shall also give notice of such determinations made in other jurisdictions.

abuse of discretion or clearly unwarranted exercise of discretion.

HRS § 436B-19 (1993) provides that "[i]n addition to any other acts or conditions provided by law, the licensing authority may refuse to renew, reinstate or restore, or may deny, revoke, suspend, or condition in any manner, any license" for any of the reasons enumerated therein, including "[p]rocuring a license through fraud, misrepresentation, or deceit[.]" HRS § 436B-19(5). Additionally, HRS § 454-4(b) (1993) (repealed by Haw. Sess. Laws 2010, Act 84, § 29, eff. Jan. 1, 2011)[5] provided that:

> [t]he commissioner may revoke a license if the application for the license contains a material misstatement, the licensee demonstrates by a course of conduct negligence or incompetence in performing any act for which the licensee is required to be licensed, . . . or the licensee for a second time is responsible for misconduct which warrants suspension under subsection (a).

The hearing officer determined that Appellants violated four separate provisions of HRS § 436B-19.[6] Moreover, in reaching his recommended sanction, the hearing officer "considered the pattern of financial irresponsibility

---

[5]    HRS § 454-4 was repealed and replaced with HRS § 454F in order to meet its "obligations under the federal Secure and Fair Enforcement for Mortgage Licensing Act of 2008 (S.A.F.E Mortgage Licensing Act)" to regulate the residential mortgage industry. Haw. Sess. Laws 2010, Act. 84, § 1. HRS § 454F-12 (Supp. 2012) provides, in pertinent part,

> **Enforcement authorities; violations; penalties.** (a) To ensure the effective supervision and enforcement of this chapter, the commissioner may, pursuant to chapter 91:
>
> (1)    Deny, suspend, revoke, condition, or decline to renew a license because of a violation of this chapter, rules, an order, or a directive entered under this chapter;
>
> (2)    Deny, suspend, revoke, condition, or decline to renew a license if an applicant or licensee fails at any time to meet the requirements of section 454F-6 or section 454F-8, violates section 454F-17, or withholds information or makes a material misstatement in an application for a license or renewal of a license[.]

[6]    The hearings officer found in his Findings of Fact that Appellants violated HRS §§ 436B-19(5), "Procuring a license through fraud, misrepresentation, or deceit;" 436B-19(7), "Professional misconduct, incompetence, gross negligence, or manifest incapacity in the practice of the licensed profession or vocation;" 436B-19(8), "Failure to maintain a record or history of competency, trustworthiness, fair dealing and financial integrity;" and 436B-19(12), Failure to comply, observe, or adhere to any law in a manner such that the licensing authority deems the applicant or holder to be an unfit or improper person to hold a license[.]"

[Appellants] have exhibited since 2007, the lack of any reasonable assurance that this pattern will not continue in the future, and [Appellants'] misleading license renewal applications."

In their defense, Appellants claim that they did not "engage in professional misconduct" in violation of HRS § 436B-19(7), and did not procure their licenses through misrepresentation in violation of HRS § 436B-19(5) because they mistakenly characterize their failure to report the civil judgments--instead of the failure to report the pending disciplinary investigation--as the misrepresentation in their license renewal applications.[7] The Petition for Disciplinary Action named the individual Appellants in addition to AFG as a corporate entity. Thus, the failure of each of the Appellants to report that Action in their respective applications where the application asks for that information was a misrepresentation. To the extent that Appellants characterize their actions as "an oversight" and "an unfortunate mistake[,]" in a similar licensing context, the Hawai'i Supreme Court has held that a "misrepresentation need not be either fraudulent or intentional." Kim v. Contractors License Bd., 88 Hawai'i 264, 271, 965 P.2d 806, 813 (1998).

Finally, as the hearing officer's decision reflects, Appellants Kozar and Papageorge's characterization of the revocation of their licenses as based solely on their license renewal application is inaccurate. As members and owners AFG, the hearing officer's consideration of "the pattern of financial irresponsibility Respondents have exhibited since 2007 [and] the lack of any reasonable assurance that this pattern will not continue in the future" were additional factors in support of the sanction recommended and did not constitute an abuse of discretion.

---

[7] As discussed, supra, Appellants' argument that it was the failure to report the pending civil judgments themselves and not the failure to report the pending September 18, 2008 Petition for Disciplinary Action mischaracterizes the hearing officer's findings and the Director's Final Order.

5

However, it is unclear on this record, whether the hearing officer considered Gambol's role as an employee, and not a member or owner of AFG, in deciding upon the sanction he recommended for her. We therefore are unable to determine whether the hearing officer improperly failed to consider Gambol's more limited status as an employee in rendering his decision. Moreover, assuming that revocation was an appropriate sanction for the failure to report the pendency of these disciplinary proceedings, as a mere employee and not an member or owner of AFG, it is not clear why Gambol's reapplication should be dependent on payment of the judgments entered against AFG. Therefore, we conclude it was error to affirm the sanction as to Gambol.

5. Appellants argue that they were entitled to a jury trial for the "portion of the [O]rder that requires payment of restitution to third parties prior to re-application after the revocation period" of their licenses. The "restitution" that Appellants refer to is the requirement that "satisfaction of the Judgments entered . . . shall be a condition for relicensure should [Appellants] reapply for a mortgage broker's or mortgage solicitor's license after the revocation period." Appellants agree that AFG is responsible for those judgments. At least as to AFG, this requirement was not a new obligation imposed, but rather a requirement that AFG's pre-existing obligation to pay the judgments be satisfied before any attempt to renew its license. Even as to Kozar and Papageorge, the Order does not require them to pay the judgments, but as a precondition to a petition for relicensure, that the judgments be paid.

In any event, the licensing authority may "condition in any manner[] . . . any license" for one or more of the acts enumerated. HRS § 436B-19. "Where the language of the statute is plain and unambiguous, [the court's] only duty is to give effect to its plain and obvious meaning." Liberty Mut. Fire Ins. Co. v. Dennison, 108 Hawai'i 380, 384, 120 P.3d 1115, 1119 (2005) (citation and internal quotation marks omitted). Appellants had a hearing prior to the entry of the Order. Appellants have

failed to establish a right to a jury trial in such licensure proceedings.

Therefore, we vacate the August 25, 2010 Final Judgment entered by the Circuit Court of the First Circuit as to Pettrice Gambol and remand with instructions to vacate the Director's Final Order and to hold a hearing on the appropriate sanction as to Pettrice Gambol. In all other respects, the August 25, 2010 Final Judgment is affirmed.

DATED: Honolulu, Hawai'i, December 31, 2013.

On the briefs:

Shawn A. Luiz,
for Respondents/Appellants-
Appellants.

Patrick K. Kelly,
Regulated Industries
Complaints Office,
Department of Commerce and
Consumer Affairs,
for Agency/Appellee-Appellee.

Chief Judge

Associate Judge

Associate Judges